Case 2:14-cv-00093-LRS   Document 48   Filed 01/08/15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORPORATION OF GONZAGA UNIVERSITY,<br><br>    Plaintiff,<br><br> -vs-<br><br>PENDLETON ENTERPRISES, LLC, a Washington LLC; PENDLETON BROADCASTING, INC., a Washington Corporation; and JAMIE PENDLETON, an individual and a resident of the State of Washington,<br><br>    Defendants. | NO. CV-14-0093-LRS<br><br>**ORDER GRANTING GONZAGA'S MOTION FOR PERMANENT INJUNCTION** |

**BEFORE THE COURT** is Plaintiff Corporation of Gonzaga University's ("Gonzaga") Motion For Entry of a Permanent Injunction Order, ECF No. 34, filed on October 22, 2014 and argued on December 10, 2014 in Yakima, Washington.

Plaintiff Gonzaga filed its Motion for Summary Judgment on July 16, 2014. After briefing, oral argument was held on

ORDER - 1

September 4, 2014. On September 25, 2014, the Court entered its Order on Gonzaga's Motion for [Partial] Summary Judgment (ECF No. 33), granting Gonzaga's motion which the Court hereby incorporates by this reference into this Permanent Injunction. In its order granting summary judgment, the Court found that Defendants' conduct violated §43(a) [15 U.S.C. §1125(a)] of the Lanham Act through the Defendants' use of Gonzaga's Identifiers and Trademarks.

The Court finds that Plaintiff Gonzaga is the owner of the Gonzaga Identifiers and Trademarks as defined below, which have achieved secondary meaning through their use in the Spokane, Washington area.  In the Spokane area, Gonzaga's Identifiers and Trademarks are commercially strong and there is no dispute that each of the Gonzaga Identifiers and Trademarks refer to or identify Gonzaga in the Spokane area.

The Defendants commercial use of the Gonzaga Identifiers and Trademarks have the potential to cause confusion in the minds of consumers about the origin of the goods or services in question or a sponsorship, approval or affiliation by Gonzaga that doesn't exist.  The Court concludes that use of the Gonzaga Identifiers and Trademarks creates a likelihood of

confusion between Defendants' goods and services and Gonzaga.

The Lanham Act gives the Court "power to grant injunctions according to the rules of equity and upon such terms as the court may deem reasonable, to prevent the violation" of a mark holder's rights. 15 U.S.C. § 1116(a); *Pepsico, Inc., et al. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177-78 (2002).

A permanent injunction may be entered where the plaintiff shows: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

While "[t]he decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court," the "traditional principles of equity" demand a fair weighing of the factors listed above, taking into account the unique circumstances of each case. *Ebay,Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 395 (2006).

In considering injunctive relief, the Court finds that

ORDER - 3

Gonzaga has suffered irreparable injury to its goodwill and will suffer further irreparable injury if Defendants' conduct which this Court has found to violate §43(a) [15 U.S.C. §1125(a)] of the Lanham Act is allowed to continue. This irreparable injury includes, without limitation: 1) Gonzaga is unable to control use of the Gonzaga Identifiers and Trademarks; 2) Gonzaga is unable to control or approve the nature of the business or commercial enterprise that is being promoted with Gonzaga Identifiers and Trademarks; 3) Gonzaga is unable to control the type of event or services promoted in connection with the use of the Gonzaga Identifiers and Trademarks; 4) Gonzaga is unable to prescribe and control the conduct of the Gonzaga mascot wearing a Gonzaga identifying jersey; and 5) Gonzaga, a Jesuit Catholic University, cannot control the negative public perception and impact resulting from confusion that it is affiliated, connected, or associated with Defendants' businesses.

In considering injunctive relief, the Court further finds that the full scope of the past and future harm to Gonzaga's reputation is and would be difficult to quantify and difficult

to convert to monetary damages. Therefore, monetary damages would be inadequate to compensate for injury that would result from Defendants' continued use of Gonzaga's Identifiers and Trademarks.

The Court further finds that the balance of hardships of the entry of a permanent injunction favors Gonzaga, as the Court notes that Defendants are not presently conducting businesses in the bar and radio enterprises but have not abandoned plans to do so in the future. Finally, the Court finds that the public interest is served by the removal of the creation of a likelihood of confusion that Defendants are affiliated, connected or associated with Gonzaga, or that there was a sponsorship or approval by Gonzaga of Defendants' goods, services, or commercial activities, when there is no such connection, association or affiliation.

Good cause exists to enter a permanent injunction. Based upon the facts, evidence and the Court's Order on Gonzaga's Motion For [Partial] Summary Judgment (ECF No. 33) finding that Defendants' conduct violated §43(a) [15 U.S.C. §1125(a)] of the Lanham Act through Defendants' use of Gonzaga's Identifiers and Trademarks, Plaintiff Gonzaga's Motion for

ORDER - 5

Entry of A Permanent Injunction, **ECF No. 34**, is hereby **GRANTED.** Accordingly,

(1) Judgment is entered in favor of Plaintiff and against Defendants on the first cause of action only (Violation of the Lanham Act, 15 U.S.C. §1125(a).[1]

(2) A permanent injunction order is hereby issued pursuant to Rule 65 of the Federal Rules of Procedure to restrain and enjoin Defendants Pendleton Enterprises, LLC, Pendleton Broadcasting Inc., and Jamie Pendleton (collectively referred to as "Defendants") as well as each of their agents, servants, employees, attorneys, and all those in active concert with tem from:

    (a) displaying, advertising, marketing, promoting, stating or suggesting affiliation with, or otherwise using in commerce, or contributing to the use of in commerce, any of Gonzaga's Identifiers and Trademarks, as defined below, or using or contributing to the use in commerce any goods, products, or tangible property bearing any of the Gonzaga's Identifiers and Trademarks;

---

[1] Plaintiff amended the complaint to delete all remaining claims in the original complaint. Order Granting Motion to Amend (ECF No. 47).

ORDER - 6

(b) engaging in any activity that misleads or confuses or is likely to mislead or confuse the public to the detriment of Gonzaga, including (without limitation) any activity that constitutes a violation of 15 U.S.C.§ 1125(a)(1);

(c) using or displaying the Bulldog Mascot with a Gonzaga identifying jersey, in connection with Defendants' current and future business or commercial interests, or goods or services;

(d) using or displaying the Bulldog Mascot with a Gonzaga identifying jersey, in connection with the promotion of third party businesses or commercial enterprises;

(e) using or displaying of Gonzaga Identifiers and Trademarks on or in combination with Defendants' vehicles used to promote any business or commercial interests, or goods and services, of the Defendants, including without limitation, defendants' radio station 104.5 or bar services;

(f) using Gonzaga Identifiers and Trademarks in a way which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' businesses, or as to the origin, sponsorship, or approval of Defendants' radio station and bar

ORDER - 7

services, or other current or future business or commercial interests, or goods and services, with or by Gonzaga;

(g) engaging in any activity that could or is likely to lead anyone to believe that any product or service has been produced, distributed, offered, advertised, displayed, licensed, sponsored, approved, authorized, or otherwise used in commerce by or for Gonzaga, when such is not true in fact; and/or

(h) assisting, aiding, abetting, or contributing to any other person or entity in engaging in or performing any of the activities referred to above.

(i) For clarity and without limitation, the Defendants' uses and displays of Gonzaga's Identifiers and Trademarks as evidenced in paragraphs 13-31 of Gonzaga's Statement of Material Fact (ECF 22) are examples of uses of Gonzaga's Identifiers and Trademarks for business or commercial purposes, or in connection with the goods or services of the Defendants.

Gonzaga's "Identifiers and Trademarks," as the term is used herein, refers to and includes the following:

///

ORDER - 8

- "GONZAGA UNIVERSITY", which is the subject of U.S. Trademark Registration No. 1,931,286, and is an incontestable U.S. trademark per 15 U.S.C. §1065.
- "GONZAGA UNIVERSITY BULLDOGS", which is the subject of U.S. Trademark Registration No. 1,931,285, and is an incontestable U.S. trademark per 15 U.S.C. §1065.
- "ZAGS", which is the subject of U.S. Trademark Registration No. 1,931,449, and is an incontestable U.S. trademark per 15 U.S.C. §1065.
- Gonzaga's "Bulldog mascot wearing a Gonzaga jersey", which the record indicates that Gonzaga has used in Spokane since the 1980's, and which is the subject of Washington State Trademark Registration File No. 56807.
- Gonzaga's Bulldog Head, for which Gonzaga has been awarded Washington State Trademark Registration File No. 56780, showing a date of first use in Washington in 1998.
- Gonzaga's Bulldog Head combined with the word Gonzaga, for which Gonzaga has been awarded Washington State Trademark Registration File No. 56959, showing a date

ORDER - 9

of first use in Washington in 1998.

- Gonzaga's Identifier "GU", for which Gonzaga has been awarded Washington State Trademark Registration File No. 56960, showing a date of first use in Washington in 1998.

- Gonzaga's Bulldog Head combined with "GU", for which Gonzaga has been awarded Washington State Trademark Registration File No. 56958, showing a date of first use in Washington in 1998.

(3) Defendants are further ordered to destroy and/or turn over to counsel for Plaintiff any and all material, merchandise, and/or items in their care, custody or control bearing any of the Gonzaga's Identifiers and Trademarks.

(4) Pursuant to 15 U.S.C. §1116, the Defendants are further ordered, to file with the Court and serve upon the Plaintiff, an affidavit confirming compliance with injunctive relief awarded by the court herein, by, without limitation, removing all Gonzaga Identifiers and Trademarks from Defendants' advertising and promotional materials (including website and social media), and have removed all Gonzaga Identifiers and Trademarks from Defendants' vehicles promoting

Defendants' business and commercial interests, or goods or services. Accordingly,

The District Court Executive is directed to enter this Order; enter judgment consistent with this Order; and **CLOSE THIS FILE**.

**DATED** this 8th day of January, 2015.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11